IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kalvin Dontay Hunt, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>State of South Carolina; )<br>Governor Nikki Haley, )<br>)<br>Defendants. )<br>_____ ) | C/A No. 3:15-4778-TMC-JDA<br><br><br>**REPORT AND RECOMMENDATION** |

Kalvin Dontay Hunt ("Plaintiff"), proceeding pro se, brings this civil action seeking to change South Carolina law. It appears that Plaintiff is committed to the South Carolina Department of Mental Health, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

It appears that Plaintiff resides at the Columbia Regional Correct Care Center in Columbia, South Carolina. [Doc. 1.] He brings this action against the State of South Carolina and the Governor Nikki Haley. [*Id.*] He brings this action on behalf of himself and three other individuals who allegedly reside at the same facility—Patricia Miller, Patricia Williams, and Lathesha Smith. [*Id.*]

Plaintiff seeks the right to grow and consume lawfully within South Carolina marijuana for medical use.[1] [*Id.*] Specifically, he alleges the following facts. In his former state of residence, California, he was permitted medical marijuana for mental health issues. [*Id.*] As of November 10, 2015, he and the other three named individuals have been

---

[1]He mentions that marijuana is not available for lawful recreational use in South Carolina. However, the crux of the Complaint concerns his claim for medicinal use of the drug.

prevented from growing and consuming marijuana for recreational or medicinal purposes. [*Id.*] Marijuana counteracts the known mental health issues related to post traumatic stress disorder and schizophrenia for the named plaintiffs. [*Id.*] The drug also counteracts the effects of cancer. [*Id.*] Governor Nikki Haley has not made it lawful to consume the drug within South Carolina. [*Id.*]

For his relief, Plaintiff seeks $5 million in damages. [*Id.*] He seeks injunctive relief to permit the plaintiffs to grow and store marijuana in bulk to prevent a shortage and to allow the plaintiffs to open a dispensary for other medical marijuana patients. [*Id.*] He requests that marijuana use be lawful for medicinal purposes. [*Id.*] And, he requests a "lift ban for unlawfulness on medical marijuana in the State of South Carolina for mental health patients and cancer patients." [*Id.*]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.

The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

This action should be dismissed for several reasons, including lack of standing, immunity, and lack of jurisdiction. First, although Plaintiff seeks to bring this action on behalf of himself and three other individuals who allegedly reside at the same facility—Patricia Miller, Patricia Williams, and Lathesha Smith—he lacks standing to do so. Plaintiff is not an attorney and is proceeding pro se. *See Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a non-attorney parent may not litigate the claims of their minor children in federal court, even where Virginia law permits the parent to assert the children's claims); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a pro se prisoner unassisted by counsel cannot be an advocate for others in a class action); *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (one pro se inmate does not have standing to sue on behalf of another inmate).

In *Myers*, the Fourth Circuit Court of Appeals explained that, "[a]n individual

3

unquestionably has the right to litigate his *own* claims in federal court." *Id.* This is a right of high standing which "'reflects a respect for the choice of an individual citizen to plead his or her own cause.'" *Id.* (quoting *Cheung v. Youth Orchestra Found. Of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (citing 28 U.S.C. § 1654). However, the right to litigate for *oneself* does not create a similar right to litigate on behalf of others. *Myers*, 418 F.3d at 400. "The reasoning behind this rule is two-fold: it protects the rights of those before the court ..., and jealously guards the judiciary's authority to govern those who practice in its courtrooms...." *Id.* Accordingly, this rule protects the rights of Patricia Miller, Patricia Williams, and Lathesha Smith because it is too risky to permit a layperson to litigate their claims due to the risk of the layman's limited competence to litigate. *See Id.* Accordingly, to the extent Plaintiff brings this action on behalf of others, it should be dismissed based on lack of standing.

Because Plaintiff seeks $5 million in damages, this action also should be dismissed based on Eleventh Amendment immunity. The Eleventh Amendment grants the State of South Carolina, and its agents and instrumentalities, immunity from suit in this federal Court. "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact . . . .'" *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637–38 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* (citations omitted). The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of

4

the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Id.*, 1637 n.1. *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court, which South Carolina has not done. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Accordingly, the Governor of South Carolina, a state agent, and the state itself should be dismissed based upon Eleventh Amendment immunity.[2]

Additionally, this Court lacks subject matter jurisdiction because Plaintiff does not allege a federal question. If a plaintiff's complaint raises a federal question, then this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an action "'... arising under the Constitution, laws, or treaties of the United States.'" *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted). Here, Plaintiff does not plausibly allege a violation of the United States Constitution or any federal law. He simply wants South Carolina to change state law to allow legal growing and consuming of marijuana for medicinal purposes. This Court

---

[2]Although an exception to the Eleventh Amendment permits a federal court to issue prospective injunctive relief against a state officer to prevent ongoing violations of federal law, Plaintiff does not allege any violations of federal law. *See Bland v. Roberts*, 730 F.3d 368, 389–91 (4th Cir. 2013).

does not have the power to enact a new law for South Carolina or to order the State to do so. *See, e.g., United States v. Brainer*, 691 F.2d 691, 698 (4th Cir. 1982) (explaining that legislatures generally have the power to enact laws). Therefore, there is no federal question jurisdiction over this action.[3]

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**


January 5, 2016                                S/Jacquelyn D. Austin
Greenville, South Carolina                     United States Magistrate Judge

---

[3]This Court acknowledges that other states in the union have attempted to permit lawful use of marijuana for medical purposes. *See, e.g., Gonzales v. Raich*, 545 U.S. 1 (2005) (discussing California law). And, Colorado, for example, permits certain medical marijuana use; however, the Supreme Court of Colorado has recognized that federal law makes no exception for marijuana use for medicinal purposes. *See Coats v. Dish Network, LLC*, 350 P.3d 849, 852–53 (Colo. 2015).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).