IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kalvin Dontay Hunt, Patricia Miller, Lathesha Smith, and Patricia Williams, ) ) ) ) ) ) Plaintiff, ) ) vs. ) ) State of South Carolina, and Governor Nikki Haley, ) ) ) ) Defendants. ) ) | Civil Action No. 3:15-4778-TMC  **ORDER** |

Plaintiff Kalvin Dontay Hunt, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, on behalf of himself and three other individuals: Patricia Miller, Lathesha Smith, and Patricia Williams. (ECF No. 1, Compl.). Plaintiff is committed to the South Carolina Department of Mental Health.[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's action be dismissed without prejudice and without issuance and service of process. (ECF No. 12). Plaintiff was advised of his right to file objections to the Report. (ECF No. 12 at 7), and on January 13, 2016, he timely filed objections. (ECF No. 16, Objections).

---

[1] This is a civil action filed by a pro se litigant involuntarily confined in the South Carolina Department of Mental Health after being found not guilty of certain criminal charges by reason of insanity. *See Kalvin Dontay Hunt v. United States of America, et.al.*, C/A No. 8:16-cv-1130-TMC-JDA (filed April 1, 2016) (Compl. at 4). *See also* S.C. Code Ann. § 17-24-40 (governing commitment of persons found not guilty by reason of insanity).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court revis the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Discussion

In his Complaint, Plaintiff seeks to bring this action on behalf of himself and three others who reside at the same facility, Patricia Miller, Patricia Williams, and Lathesha Smith. They seek the right to grow and consume marijuana for recreational and medicinal purposes. (Compl. at 3). Plaintiff alleges he needs the marijuana for mental health issues. *Id.* They seek $5 million in damages, and injunctive relief to allow the growing and storage of marijuana and the opening of a dispensary for other medical marijuana patients. (Compl. at 5). Further, they seek a "lift [of the] ban for unlawfulness on medical marijuana in the State of South Carolina for mental health patients and cancer patients." *Id*. The magistrate judge recommends dismissing this action based on immunity, and lack of subject matter jurisdiction and standing. (Report at 3). Specifically, the magistrate judge determined that Eleventh Amendment immunity bars this action; the court lacks subject matter jurisdiction as the Complaint does not allege a federal question; and Plaintiff cannot bring this action on behalf of others.

As set forth above, Plaintiff filed timely objections to the Report. In his objections, Plaintiff concedes he cannot bring an action on behalf of others. (Objections at 1). He then asks

the court for direction for seeking relief stating that marijuana use is a part of his Rastafarian religion. *Id.*  First, the court notes that Plaintiff did not allege a religious freedom claim in his Complaint, and the court notes that Plaintiff cannot use his objections to the Report to plead new claims.  *See Backus v. Cox*, C/A No. 4:13-cv-00881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013); *see also* 28 U.S.C. § 636(b)(1)(c).  Moreover, in order to state a claim under § 1983 in regard to an alleged violation of his religious freedom, Plaintiff must allege, among other things, that the challenged conduct was committed by a "person" acting under color of state law. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988).  States are immune from suit under the Eleventh Amendment and are not "persons" under § 1983.  *E.g., Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989).  Additionally, "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."  *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*citing U.S. ex rel. Brzozowski v. Randall*, 281 F.Supp. 306, 312 (E.D.Pa.1968)).  Here, the State and the governor are not proper defendants, and Plaintiff has not alleged any specific conduct as to these defendants in regard to an alleged violation of his constitutional rights.

## Conclusion

The court has thoroughly reviewed the Report, Plaintiff's objections, and the record and finds no reason to deviate from the Report's recommended disposition.  Based on the foregoing, the court adopts the Magistrate Judge's Report (ECF No. 12) and incorporates it herein. It is

3

therefore **ORDERED** that Plaintiff's action is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

April 22, 2016
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.